**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **MISSION BAY SKI & BIKE, INC.,** <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 07-20870** <br><br> **Hon. A. Benjamin Goldgar** |
| **MISSION BAY THE DEBTOR, INC.,** <br><br> Plaintiff, <br><br> vs. <br><br> **WILLIAM W. LINNEMANN and VALERIE J. GERVAIS,** <br><br> Defendants. | **Adversary No.:  08-00055** |

**NOTICE OF MOTION**

Please take notice that on Monday, March 3, 2008, at 10:00 a.m., we will appear before the Honorable A. Benjamin Goldgar, Judge of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at 219 S. Dearborn Street, Chicago, IL, 60604, Courtroom 613, or before such other Judge who may be assigned to hear this matter, and present the attached Motions of Mission Bay Ski & Bike, Inc. To Compel Answers and To Strike Affirmative Defenses

Dated: February 28, 2008

                                                    **MISSION BAY SKI & BIKE, INC,**

                                                    By: *ss/ Donald F. Engel*
                                                    One of its Attorney

Donald F. Engel                                     Bruce Dopke
320 W. Ohio St., Suite 501                          P.O. Box 681246
Chicago, IL 60610                                   Schaumburg, IL  60168-1246
Tel:  312-229-7900                                  Tel:  312-524-4811
Fax:  312-229-7901                                  Fax:  312-524-4131
Email:  chicagolaw@uscounsel.com                    Email:  bruce@dopkelaw.com
ARDC: 6192125                                       ARDC:  3127052

# CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I caused true and correct copies of the documents listed below to be served on persons named in the Service List, service having been made before 4:30 p.m. on February 29, 2008. If service by US Mail is indicated, the documents being served were deposited with the US Postal Service at 320 W. Ohio St. with proper postage pre-paid. If eMail service is indicated, to those persons who are registered to receive electronic service of process in this case.

Documents Served:

1. Notice of Filing
2. Motion To Compel and Motion To Strike Affirmative Defenses

*/ss/Donald F. Engel*

# SERVICE LIST

|   |   |   |   |
|---|---|---|---|
|   | US Mail | Denise DeLaurent, Esq. Office of the US Trustee 227 W. Monroe Street, Ste. 3350 Chicago, IL 60606 Denise.DeLaurent@usdoj.gov |   |
|   | Personal Delivery |   |
|   | Facsimile |   |
| ➲ | eMail |   |
|   | US Mail | William J. Hurley, III Crowley & Lamb, P.C. 350 N. LaSalle Street, Suite 900 Chicago, IL 60610 whurley@crowleylamb.com |   |
|   | Personal Delivery |   |
|   | Facsimile |   |
| ➲ | eMail |   |
|   | US Mail | R. Scott Alsterda Ungaretti & Harris, LLP 3500 Three First National Plaza Chicago, IL 60601 rsalsterda@uhlaw.com |   |
|   | Personal Delivery |   |
|   | Facsimile |   |
| ➲ | eMail |   |
|   | US Mail | Peter D. Sullivan William J. Connolly Hinshaw & Culbertson, LLP 222 N. LaSalle Street, Suite 300 Chicago, IL 60602 psullivan@hinshawlaw.com | 312-977-4405 |
|   | Personal Delivery |   |
| ➲ | Facsimile |   |
|   | eMail |   |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**MISSION BAY SKI & BIKE, INC.,**<br><br>        **Debtor.** | **Chapter 11**<br><br>**Case No. 07-20870**<br><br>Hon. A. Benjamin Goldgar |
| **MISSION BAY THE DEBTOR, INC.,**<br><br>        **Plaintiff,**<br><br>   vs.<br><br>**WILLIAM W. LINNEMANN and<br>VALERIE J. GERVAIS,**<br><br>        **Defendants.** | **Adversary No.: 08-00055** |

## MOTION TO COMPEL ANSWERS OR TO DEEM ADMITTED
## AND
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Mission Bay Ski & Bike, Inc., by Donald F. Engel, for its Motion To Compel the Defendants to Answer or, in the alternative, to deem admitted the allegations of the Adversary Complaint as set for below and Motion To Strike Affirmative Defenses, states as follows:

### MOTION TO COMPEL OR DEEM ADMITTED

1. Defendants filed their Answers and Affirmative Defenses in this Adversary Proceeding. However, the responses given to the allegations asserted in Paragraphs 18, 19, 21, 39, are not in compliance with Bankruptcy Rule 7008 (Fed.R.Civ.P. 8) which provides in pertinent part that:

**(b) Defenses; Admissions and Denials.**

**(1) In General.** In responding to a pleading, a party must:

   **(A)** state in short and plain terms its defenses to each claim asserted against it; and

   **(B)** admit or deny the allegations asserted against it by an opposing party.

**(2) Denials--Responding to the Substance.** A denial must fairly respond to the substance of the allegation.

**(3) General and Specific Denials.** A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

**(4) Denying Part of an Allegation.** A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

**(5) Lacking Knowledge or Information.** A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

**(6) Effect of Failing to Deny.** An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

  2. Rather than admit, deny, or plead lack of knowledge and information, which are the only three alternatives permitted by Fed.R.Civ.P. 8, Defendants have responded by stating that they "*admit that there was an Agreement which speaks for itself*" and deny allegations inconsistent with the Agreement. This response does not apprise Plaintiff of whether Defendants are admitting or denying the allegations asserted and does not comport with the requirements of FRCP 8.

  3. In *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001), Judge Shadur stated:

> Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)-but until some such writing does break

its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).

*State Farm Mut. Auto. Ins. Co.,* 199 F.R.D. at 278

4.    Citing *State Farm Mut. Auto. Ins. Co.,* Judge Ashman struck all of a defendants responses alleging that a "document speaks for itself" stating that "[b]ecause a response stating that a document "speaks for itself" is impermissible under Rule 8(b), all such responses in Rexam's answer will be stricken." *Rexam Beverage Can Co. v. Bolger*, 2008 WL 217114 (N.D. Ill. 2008).

5.    Following the reasoning of Judge Shadur, Judge Ashman, and numerous other Judges in the Northern District of Illinois who have addressed the issues raised herein, this court should either order Defendants to promptly provide answers to Paragraphs 18, 19, 21, and 39 which comply with the pleading requirements of Fed.R.Civ.P. 8 or, alternatively, deem the allegations of those paragraphs as admitted.

### MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(f)

6.    Defendants have asserted eleven purported Affirmative Defenses and a non-existent reservation of rights to assert additional Affirmative Defenses. However, none of the alleged Affirmative Defenses comport with the pleading requirements of Fed.R.Civ.P. 8(a). Defendants have merely strung together a series of legal conclusions but have failed to state any factual assertions necessary to support those conclusions.

7.    Defendants First Affirmative Defense is merely a recitation of the standards for dismissal set forth in Fed.R.Civ.P. 12(b)(6). No facts are alleged. Defendants Second, Third and Fourth Affirmative Defenses assert statute of limitations, waiver and laches defenses. Again,

none of the factual predicates to support those legal theories are stated. Each of the remaining Affirmative Defenses suffers from the same fatal flaw.

8. "Affirmative defenses are pleadings and, as such, are subject to all the same pleading requirements applicable to complaints." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989). "Thus, affirmative defenses must set forth a "short and plain statement" of the basis for the defense. Fed.R.Civ.P. 8(a). *Heller,* 883 F.2d at 1294. "Even under the liberal notice pleading standards of the Federal Rules, an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Renalds v. S.R.G. Rest. Group,* 119 F.Supp.2d 800, 802 (N.D. Ill. 2000). "[B]are bones conclusory allegations" are not sufficient. *Heller,* 883 F.2d at 1295; *Surface Shields, Inc. v. Poly-Tak Prot. Sys. Inc.,* 213 F.R.D. 307, 308 (N.D. Ill. 2003).

9. As Judge Castillo observed in *Reis Robotics USA, Inc., vs. Concept Industries, Inc.,* 462 F.Supp.2d 897 (N.D. IL 2006):

> Affirmative defenses, as pleadings, are subject to all pleading requirements of the Federal Rules of Civil Procedure and must therefore set forth a short and plain statement of the defense. An affirmative defense which is insufficient on its face, which comprises no more than a bare conclusory allegation, or which consists of an unsupported legal conclusion will generally be stricken. Furthermore, simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. (Citations omitted)

*Reis Robotics USA, Inc., 462 F. Supp* at 904-905

10. Under Fed.R.Civ.P. 8, pleadings must contain a short and plain statement setting forth the reasons for which the party pleading is entitled to the claim or defense. The U.S. Supreme Court has determined that while facts need not be extensive, they must give the opposing party fair notice of what is being asserted. *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Further, the Seventh Circuit has held that affirmative defenses should be stricken if they are bare

conclusory allegations that omit any short and plain statement of facts and fail to allege the necessary elements of the alleged claim. *Heller,* 883 F.2d at 1294.

Wherefore, Plaintiff respectfully requests that Defendants be required to immediately provide answers to Paragraphs 18, 19, 21, and 39 in compliance with the requirements of Fed.R.Civ.P. 8 or that the allegations of such paragraphs be deemed admitted. In addition, Plaintiff respectfully requests that each of Defendants' Affirmative Defenses be stricken pursuant to Fed.R.Civ.P.12(f).

**MISSION BAY SKI & BIKE, INC,**

By: *ss/ Donald F. Engel*
One of its Attorney

| | |
|---|---|
| Donald F. Engel | Bruce Dopke |
| 320 W. Ohio St., Suite 501 | P.O. Box 681246 |
| Chicago, IL 60610 | Schaumburg, IL 60168-1246 |
| Tel: 312-229-7900 | Tel: 312-524-4811 |
| Fax: 312-229-7901 | Fax: 312-524-4131 |
| Email: chicagolaw@uscounsel.com | Email: bruce@dopkelaw.com |
| ARDC: 6192125 | ARDC: 3127052 |