## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MISSION BAY SKI & BIKE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 07-20870<br><br>Hon. A. Benjamin Goldgar |
| RICHARD M. FOGEL, as trustee of the bankruptcy estate of Mission Bay Ski & Bike, Inc.<br>　　　　　Plaintiff,<br>v.<br>WILLIAM W. LINNEMANN, VALERIE J. GERVAIS, and FIRST AMERICAN BANK, an Illinois banking corporation<br>　　　　　Defendants. | Adversary No. 08-55<br><br>Hearing Date: **June 15, 2009**<br>Hearing Time: **9:30 a.m.** |

### NOTICE OF MOTION

**To:** See Attached Service List

**PLEASE TAKE NOTICE** that on **June 15, 2009 at 9:30 a.m.**, as soon as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar in Room 613 in the United States Federal Courthouse located at 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead, and shall then and there present the **Trustee's Motion To Strike Affirmative Defenses and Jury Demand**, a copy of which is hereby served upon you.

　　　　　　　　　　　　　　　　　　　　　Richard M. Fogel (#3127114)
　　　　　　　　　　　　　　　　　　　　　Brian L. Shaw (#6216834)
　　　　　　　　　　　　　　　　　　　　　Vipin R. Gandra (#6289540)
　　　　　　　　　　　　　　　　　　　　　Shaw Gussis Fishman Glantz
　　　　　　　　　　　　　　　　　　　　　　Wolfson & Towbin LLC
　　　　　　　　　　　　　　　　　　　　　321 N. Clark St., Suite 800
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　　Tel: (312) 541-0151
　　　　　　　　　　　　　　　　　　　　　Fax: (312) 252-4900

{6892 MOT A0233251.DOC}

## CERTIFICATE OF SERVICE

Vipin R. Gandra certifies that service of the above and foregoing notice and attached pleadings was accomplished in the manner indicated on this 9th day of June 2009.

/s/ Vipin R. Gandra

## SERVICE LIST

Via CM/ECF and E-mail
- R. Scott Alsterda          rsalsterda@uhlaw.com
- Jamie A. Robinson          jarobinson@uhlaw.com
- Edwin E. Brooks            ebrooks@mcguirewoods.com
- Michael M. Schmahl         mschmahl@mcguirewoods.com
- Brian Shaw                 bshaw100@shawgussis.com
- Patrick F. Ross            pfross@uhlaw.com

Via E-mail
- Tina B. Solis              tbsolis@uhlaw.com

{6892 MOT A0233251.DOC}

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| MISSION BAY SKI & BIKE, INC., | Case No. 07-20870 |
| Debtor. | Hon. A. Benjamin Goldgar |
| RICHARD M. FOGEL, as trustee of the bankruptcy estate of Mission Bay Ski & Bike, Inc.<br>Plaintiff,<br>v.<br>WILLIAM W. LINNEMANN, VALERIE J. GERVAIS, and FIRST AMERICAN BANK, an Illinois banking corporation<br>Defendants. | Adversary No. 08-55<br><br>Hearing Date: **June 15, 2009**<br>Hearing Time: **9:30 a.m.** |

## TRUSTEE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND

Plaintiff, Richard M. Fogel, not individually, but solely as trustee ("Trustee") of Mission Bay Ski & Bike, Inc. (the "Debtor"), hereby moves this Court to strike (i) certain affirmative defenses (each an "Affirmative Defense") raised by First American Bank ("FAB") in its Answer and Affirmative Defenses to Amended Complaint (the "Answer") and (ii) FAB's jury demand. In support of this motion, the Trustee respectfully states as follows:

1. On April 1, 2009, the Trustee filed amended complaint (the "Amended Complaint") seeking, *inter alia*, (a) the avoidance of certain fraudulent transfers to FAB, (b) the recovery of the transferred property or its value from FAB, and (c) the disallowance of any claims FAB has against the Debtor's estate.

2. In the Answer, FAB asserts 14 affirmative defenses to the Trustee's claims.

{6892 MOT A0233251.DOC}

3. Because Affirmative Defenses One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven and Twelve (collectively, the "Improper Affirmative Defenses") alleged by FAB are insufficient as a matter of law, the Trustee requests, pursuant to Fed. R. Civ. P. 12(f), as made applicable by Fed. R. Bankr. P. 7012, that this Court strike such defenses.

4. Additionally, the Trustee seeks that FAB's jury demand included in the Answer be stricken as FAB has already consented to the jurisdiction of the Court.

5. In further support of his motion, the Trustee submits herewith his supporting memorandum of law.

WHEREFORE, for the reasons set forth above, and in his supporting memorandum of law, the Trustee respectfully requests that this Court enter an order striking each of the Improper Affirmative Defenses and the jury demand pursuant to Federal Rule of Civil Procedure 12(f), and granting such other and further relief as this Court deems just and equitable.

Respectfully submitted,

RICHARD M. FOGEL, not personally, but as chapter 7 trustee of Mission Bay Ski & Bike, Inc.

Dated: June 9, 2009

By: ___/s/ Vipin R. Gandra___
One of his attorneys

Richard M. Fogel
Brian L. Shaw
Vipin R. Gandra
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60654
Tel: (312) 541-0151
Fax: (312) 252-4900

{6892 MOT A0233251.DOC}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| MISSION BAY SKI & BIKE, INC., | Case No. 07-20870 |
| Debtor. | Hon. A. Benjamin Goldgar |
| RICHARD M. FOGEL, as trustee of the bankruptcy estate of Mission Bay Ski & Bike, Inc.<br>Plaintiff,<br>v.<br>WILLIAM W. LINNEMANN, VALERIE J. GERVAIS, and FIRST AMERICAN BANK, an Illinois banking corporation<br>Defendants. | Adversary No. 08-55<br><br>Hearing Date: **June 15, 2009**<br>Hearing Time: **9:30 a.m.** |

### TRUSTEE'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND

In its Answer,[1] FAB asserted the following fourteen Affirmative Defenses to the Trustee's Amended Complaint:

1. <u>Solvency</u> - To the extent the Debtor was solvent or otherwise able to pay its debts as they came due at the time of any of the transfers at issue in this action, such transfers are not avoidable by the Trustee.

2. <u>Reasonably Equivalent Value</u> - The transfers at issue in this action are not avoidable to the extent that the Debtor received reasonably equivalent value for such alleged transfers.

3. <u>Good Faith Transferee for Value</u> – The transfers are issue in this action are not avoidable by the Trustee pursuant to 11 U.S.C. § 548(c) to the extent that any of the Defendants received such transfers in good faith and provided value to the Debtor.

4. <u>Attempt to Recover for the Benefit of Entities Other Than Unsecured Creditors</u> – To the extent that any of the transfers at issue in this action are avoidable, if at all, such can only be recovered for the benefit of the Debtor's bankruptcy estate under 11 U.S.C. § 550. To the

---

[1] All defined terms herein have the same meaning as set forth in the Trustee's Motion to Strike Affirmative Defenses and Jury Demand.

extent that the Trustee is attempting to recover such transfers for the benefit of entities other than the unsecured creditors of the Debtor, such transfers are not recoverable.

5. <u>Failure to State a Claim</u> – Each and every purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action against FAB.

6. <u>Doctrine of *In Pari Delicto*</u> – Trustee's claims are precluded, in whole or in part, by the doctrine of *in pari delicto*.

7. <u>Doctrine of Estoppel</u> – Trustee's claims are precluded, in whole or in part, by the doctrine of estoppel.

8. <u>Doctrine of Waiver</u> – Trustee's claims are precluded, in whole or in part, by the doctrine of waiver.

9. <u>Doctrine of Laches</u> – Trustee's claims are precluded, in whole or in part, by the doctrine of laches.

10. <u>Doctrine of Unclean Hands</u> – Trustee's claims are precluded, in whole or in part, by the doctrine of unclean hands.

11. <u>Single Satisfaction</u> – Trustee's claims are precluded to the extent that the Trustee is seeking more than a single satisfaction for his alleged claims from FAB and/or the other Defendants.

12. <u>Preservation of Defenses</u> – FAB preserves and reserves the right to assert such additional or other affirmative defenses that may be discovered or otherwise become available to it through discovery or by this answer, and FAB does not waive any such defenses.

13. <u>Ordinary Course</u> – Pursuant to 11 U.S.C. § 547(c)(2), the transfers at issue in this action, including the Linneman Cash Transfers and the Gervais Cash Transfers, may not be avoided because they were made: (1) in payment of a debt incurred by the Debtor in the ordinary course of business of the Debtor and the Defendants; (2) in the ordinary course of business of the Debtor and the Defendants; and/or (3) according to ordinary business terms.

14. <u>New Value</u> – Pursuant to 11 U.S.C. § 547(c)(4), the transfers at issue in this action, including the Linneman Cash Transfers and the Gervais Cash Transfers, are not avoidable because and to the extent that, subsequent to such transfers, any of the Defendants gave new value to or for the benefit of the Debtor, which was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make otherwise unavoidable transfers to or for the benefit of the Defendants.

As explained below, the Improper Affirmative Defenses are legally insufficient because they are improperly raise, improperly pleaded, or both. Consequently, each should be stricken

pursuant to Fed. R. Civ. P. 12(f). Furthermore, FAB's jury demand must be stricken as FAB has consented to this Court's jurisdiction.

## ARGUMENT

Affirmative defenses are no different than any other pleadings. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). Consequently, like any other pleadings, affirmative defenses must be appropriately pleaded as such and also must comply with all pleading requirements imposed by the Federal Rules of Civil Procedure. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d. 1286, 1294 (7th Cir. 1989), *citing, Bobbitt*, 532. F. Supp. at 736-737.

Based upon these considerations, Judge Shadur in *Victorian House* suggested that affirmative defenses must withstand evaluation on three levels:

(1) Initially the Court will determine whether the matter is appropriately pleaded as an affirmative defense. Only matters that deserve a clear "no" answer will be stricken to make the pleadings more concise.

(2) If a matter may remain as an affirmative defense the Court will determine if it is adequately pleaded under the requirements of Rules 8 and 9. Any defense inadequately pleaded will be dismissed without prejudice to enable defendants to correct that technical deficiency.

(3) Any matter permitted to stand as an affirmative defense will be tested under a standard identical to Rule 12(b)(6). If it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter will be stricken as legally insufficient.

*Id.* at 737. The proper procedure to challenge a defendant's affirmative defenses is through a Rule 12(f) motion to strike. *S.N.A. Nut Company v. Haagen-Dazs Company, Inc. (In re S.N.A. Nut Company)*, 191 B.R. 117, 119 (Bankr.N.D.Ill. 1996). Moreover, the Court of Appeals for the Seventh Circuit has interpreted Rule 12(f) to allow a court to consider a motion to strike at any point in a case. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991).

## Affirmative Defenses One, Two, Four, Eleven And Twelve Are Not Affirmative Defenses

"[A] so-called affirmative defense that is surplusage, in that it raises matter already at issue under a denial, may be stricken." *Victorian House*, 532 F. Supp. at 736; *see also, Heller Financial*, 832 F.2d. at 1294 (motions to strike affirmative defenses are appropriate to rid cases of "unnecessary clutter"). Affirmative defenses should also be stricken when they fail to admit the allegations of the complaint. *See, Gwin v. Curry*, 161 F.R.D. 70, 71-72 (N.D. Ill. 1995). In addition, the Court may strike any affirmative defense that is insufficient, redundant, or immaterial. *Household Fin. Serv., Inc. v. Ne. Mort. Inv. Corp.*, 2000 WL 816795, *1 (N.D. Ill. 2000).

In the Amended Complaint, the Trustee alleges that the Debtor (a) received less than reasonable equivalent value or no consideration of account of the transfer at issue (Amended Cmp. ¶¶ 33 and 42) and (b) (i) was insolvent or became insolvent as a result of the transfer or obligations (Amended Cmp. ¶¶ 34 & 43) and or (ii) was engaged in a business or a transaction, or was about to be engaged, in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction or intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they become due. (Amended Complaint, ¶¶ 34 & 43). Further, the Trustee alleged that these transfers were recoverable. (Amended Complaint, ¶ 87).

FAB denied all of these allegations in its Answer. Those simple denials put at issue the "reasonably equivalent value" received by the Debtor, the "insolvency" of the Debtor and recoverability of any transfers. FAB's Affirmative Defenses One, Two and Four are all surplusage that reiterate FAB's denials to the Amended Complaint. Furthermore, the affirmative defenses also fail to admit the Trustee's allegations. Therefore they are not proper affirmative

defenses and must be stricken. *Victorian House*, 532 F. Supp. at 736; *Curry*, 161 F.R.D at 71-72.

Affirmative Defense Eleven is likewise immaterial. This "defense" seeks to preclude the Trustee from seeking more than a single satisfaction for his claims. However, such a prohibition is already statutory imposed upon the Trustee pursuant to 11 U.S.C. § 550(d). Thus, Affirmative Defense Eleven should be stricken as surplusage.

Affirmative Defense Twelve is a reservation of FAB's right to add additional defenses. FAB may not reserve the right to plead additional defenses at a later date, and may only amend its Answer and plead additional defenses with the opposing party's written consent or the court's leave to do so. Fed. R. Civ. P. 15(a)(2); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 42 F.Supp.2d 897, 906 (N.D. Ill. 2006). Affirmative Defense Twelve should be stricken as inappropriate.

### Failure To State A Claim (Affirmative Defense Five) Is Not An Appropriate Affirmative Defense

The conclusory statement set forth as FAB's Affirmative Defense Five, which is the standard for dismissal under Fed. R. Civ. P. 12(b)(6), without more, is not an appropriate affirmative defense, and therefore fails the first *Victorian House* test. *See Heller*, 883 F.2d. at 1295 (striking affirmative defenses because they were "bare bone conclusory allegations" unsupported by any statement of facts and allegations of the claims' elements); *Flasza v. TNT Holland Motor Express, Inc.*, 155 F.R.D. 612, 614 (N.D.Ill. 1994). By answering the Trustee's Amended Complaint, FAB concedes that the Trustee has stated cognizable claims and cannot in this abbreviated manner "forewarn" the Trustee of some intent to file a motion to dismiss in the future. Unless it notifies the Trustee of the specific purported infirmities in the Trustee's pleading, Affirmative Defense Five must be stricken. *TNT Holland*, 155 F.R.D. at 614; *see also*,

*Northwestern Corp. v. Gabriel Mfg. Co., Inc.*, 1996 WL 732519 (N.D. Ill.) (striking affirmative defense of failure to state a claim because it must be properly brought as Rule 12(b)(6) motion, not as affirmative defense, because as such it fails to notify plaintiff of specific infirmities in complaint); *cf., Curry*, 161 F.R.D. at 72 (defendant may not plead an affirmative defense that does not assume the truth of the allegations of the complaint).

### Affirmative Defenses Six, Seven, Eight, Nine, And Ten Must Be Stricken As They Are Bare Bone Conclusory Statements Unsupported By Facts

In Affirmative Defense Numbers Six, Seven, Eight, Nine, and Ten, FAB asserts that the Trustee's claims are precluded under the doctrines of *in pari delicto*, estoppel, waiver, laches, and unclean hands. However, these affirmative defenses fail to allege anything beyond bare bone conclusory allegations which are not sufficient to meet the requirements of the Federal Rules of Civil Procedure and should be stricken. *Heller*, 883 F.2d at 1295. As Judge Shadur stated in *State Farm Mut. Auto Ins. Co. v. Riley*, "It is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ("laches," estoppel," "statute of limitations," or what have you), for that does not do the job of apprising opposing counsel and the Court of the predicate for the claimed defense – which is after all the goal of notice pleading." 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Each of the Affirmative Defenses in this category is plead with precisely the same "formula-like fashion" that the Federal Rules seek to prevent and provides no basis whatsoever for the claimed defense. For example, Affirmative Defense Seven states that the "Trustee's claims are precluded, in whole or in part, by the doctrine of estoppel." Estoppel may arise when "(1) a party acts, (2) another party reasonably relies on those acts and (3) the latter party thereby changes his position for the worse." *Victorian House*, 532 F. Supp. at 738. A defendant may not "advanc[e] the conclusory term "estopped" without alleging the necessary detrimental reliance."

*Id.* In the context of a bankruptcy avoidance action, the decision to strike the estoppel defense is considerably easier.[2] FAB must plead facts supporting the all of the elements of its estoppel claim, including the Trustee's alleged conduct and Defendant's alleged reliance. *Id.*

Similarly, the affirmative defenses of *in pari delicto* is dependant on the facts, and the doctrine applies where the parties "are of equal knowledge, willfulness and wrongful intent." *JPMorgan Chase Bank, N.A. v. Mal Corp.*, 2009 WL 804049, *4 (N.D. Ill. 2009). At the very least, FAB must allege facts alleging some knowledge, willfulness and wrongful intent, but FAB fails to allege any facts at all. *Id.* The affirmative defenses of laches, unclean hands and waiver are equitable defenses that must be plead with the specific elements required to establish the defense. *Reis Robotics,* 462 F.Supp.2d at 907; *Riley,* 199 F.R.D. at 279. Accordingly, Affirmative Defenses Six, Seven, Eight, Nine and Ten should be stricken.

### FAB Consented To The Bankruptcy Court's Jurisdiction And It's Jury Demand Should Be Stricken

A litigant may waive its Seventh Amendment right to a jury by consenting, explicitly or tacitly, to the bankruptcy court's jurisdiction over the claim. *Met-Al, Inc. v. Hansen Storage Co.*, 157 B.R. 993, 999 (E.D. Wisc. 1993). Once consent is given to the bankruptcy court's jurisdiction, such consent is irrevocable. *In re St. Mary Hosp., Bonner v. Hiser*, 101 B.R. 451, 454 (Bankr. E.D. Pa. 1989). A belated attempt to attempt to withdraw express consent of bankruptcy court to hear a potentially non-core matter is ineffectual. *Id.* Once a party has submitted itself to the bankruptcy court's equitable jurisdiction, it can no longer demand a right

---

[2] This affirmative defense insinuates that the Trustee, acting for the benefit of all of the Debtor's creditors, is estopped from asserting his claims because of the Debtor's participation in the transfer at issue. FAB's argument, if taken as correct would effectively preclude most, if not all, fraudulent conveyance and preference avoidance actions because of the applicable debtor's participation in the transfer at issue.

to a trial by jury. *SNA Nut Co. v. The Haagen-Dazs Co., Inc. (In re SNA Nut Co.)*, 302 F.3d 725, 730 (7th Cir. 2002).

The claims of above-captioned adversary proceeding were originally brought by the Debtor in its First Amended Complaint (a copy of which is attached as <u>Exhibit A</u>) in Adversary Proceeding No. 08-442. On October 22, 2008, FAB filed its Answer to First Amended Complaint (the "Answer to Debtor Complaint," a copy of which is attached hereto as <u>Exhibit B</u>). On November 12, 2008, FAB specifically consented to the jurisdiction of the bankruptcy court in its Answer to Debtor Complaint. Answer to Debtor Complaint, ¶ 1. The First Amended Complaint encompassed the identical transfers that are at issue in the above-captioned adversary proceeding. When the Trustee was appointed, in order to avoid piecemeal litigation, the original adversary proceeding was dismissed, and the Amended Complaint was filed bringing in FAB as a defendant. The Amended Complaint asserts the same claims against FAB under § 548, adding only parallel claims under § 544(b), and addresses the identical transfers at issue in the First Amended Complaint. By consenting to this Court's jurisdiction over an adversary proceeding involving substantially the same facts, transfers and asserted claims, FAB has waived its right to a jury trial, and accordingly, such demand should be stricken. *SNA Nut*, 302 F.3d at 730.

## CONCLUSION

For the foregoing reasons, the Trustee requests that the Court strike the Improper Affirmative Defenses as insufficient as a matter of law and strike the demand for a jury trial as waived and/or untimely.

                                        Respectfully submitted,

                                        RICHARD M. FOGEL, not personally, but as chapter 7 trustee of Mission Bay Ski & Bike, Inc.

Dated: June 9, 2009                       By:    /s/ *Vipin R. Gandra*
                                                        One of his attorneys

Richard M. Fogel
Brian L. Shaw
Vipin R. Gandra
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60654
Tel: (312) 541-0151
Fax: (312) 252-4900